UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY CECIL,<br>CDCR #AF5647,<br><br>         Plaintiff,<br><br>vs.<br><br>JEFFREY MACOMBER, Secretary, California Department of Corrections and Rehabilitation,<br><br>         Defendant. | Case No. 3:23-cv-00560-BAS-BGS<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 2]; and**<br><br>**(2) DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

   Gary Cecil ("Plaintiff" or "Cecil"), a state prisoner currently incarcerated at R.J. Donovan Correctional Facility ("RJD"), is proceeding *pro se* and has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) Plaintiff did not prepay the civil filing fee required to commence a civil action at the time he filed his Complaint; instead, he seeks to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (IFP App., ECF No. 2.) Because Plaintiff is subject to the "three strike" rule enunciated at 28 U.S.C. § 1915(g), his IFP Application is **DENIED** and this action is **DISMISSED WITHOUT PREJUDICE**.

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.*

To further "the congressional goal of reducing frivolous prisoner litigation in federal court," the Prison Litigation Reform Act ("PLRA"), § 804(g), 28 U.S.C. § 1915(g), provides that prisoners with "three strikes" or more cannot proceed IFP. *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). A prisoner has three strikes if

> on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted . . . .

28 U.S.C. § 1915(g).

When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). Thus, prior cases or appeals are considered strikes "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by Section 1915(g) from proceeding IFP in federal court unless he can show he is facing "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see Andrews v. Cervantes*, 493 F.3d 1047, 1051–52 (9th Cir. 2007) ("*Cervantes*").

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, but "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Andrews*, 398 F.3d at 1119–20.

Upon reviewing its docket, and the dockets of the Central and Northern Districts of

California, the Court finds that Plaintiff, identified under CDCR No. AF5647, while incarcerated, has had three prior prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice of its own records in other cases, as well as other courts' records). Specifically, Plaintiff's three strikes under Section 1915(g) are:

(1)   *Cecil v. Allen, et al.*, Civil Case No. 1:00-cv-07110-AWI-HBG (E.D. Cal. June 18, 2001) (Order Dismissing Case for Failing to State a Claim) (ECF No. 13) (strike one);

(2)   *Cecil v. Paramo, et al.*, Civil Case No. 3:15-cv-02137-GPC-NLS (S.D. Cal. Dec. 16, 2015) (Order Granting Motion to Proceed IFP and Dismissing Complaint for Failing to State a Claim) (ECF No. 15) (strike two); and

(3)   *Cecil v. Bustilos, et al.*, Civil Case No. 5:22-cv-03523-EJD (N.D. Cal. Nov. 10, 2022 (Order Dismissing Complaint for Failing to State a Claim) (ECF No. 17) (strike three).

These dismissals render Plaintiff ineligible to proceed IFP unless he can show he meets the "imminent danger" exception, which Plaintiff fails to demonstrate. The imminent danger exception under Section 1915(g) requires that the pleadings contain a "plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *See Cervantes*, 493 F.3d at 1055; *see also* 28 U.S.C. § 1915(g). "Imminent danger" requires an allegation that a harm is "ready to take place," or "hanging threateningly over one's head," *Cervantes*, 493 F.3d at 1056, and "cannot be triggered solely by complaints of past injury or generalized fears of possible future harm," *Hernandez v. Williams*, No. 21cv347-MMA-KSC, 2021 WL 1317376, at *2 (S.D. Cal. Apr. 8, 2021) (citing *Cervantes*, 493 F.3d at 1053).

Plaintiff alleges that Defendant has violated the ADA by denying him access to "low vision" items, such as a light magnifier and a large print dictionary. (Collection of Exs, to Compl., ECF No. 3 at 6–9.) He further alleges the ADA program at RJD is "broken and needs federal hands-on review," and that "[t]he ADA coordinator flat out denies and

1 refuses supplies for prisoners, even when it costs them nothing." (*Id*. at 7.) Because
2 Plaintiff fails to demonstrate he faced at the time he commenced this action—or that he
3 continues to face—a harm that is "ready to take place" or "hanging threateningly over [his]
4 head," the "imminent danger" exception to the three strikes rule is inapplicable here.
5 *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

6     Accordingly, the Court:

7     (1) **DENIES** Plaintiff's IFP Application (ECF No. 2) as barred by 28 U.S.C. § 1915(g);

9     (2) **DISMISSES WITHOUT PREJUDICE** this civil action based on Plaintiff's failure to pay the full statutory and administrative $402 civil filing fee required by 28 U.S.C. § 1914(a);

12     (3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

14     (4) **DIRECTS** the Clerk of Court to close the case.

15     **IT IS SO ORDERED.**

16 **DATED: May 8, 2023**

Hon. Cynthia Bashant
United States District Judge